UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Anthony D Davis,

    Petitioner,

v.

Ron Haynes,

    Respondent.

CASE NO. 3:19-cv-05192-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 24, 2019

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

On March 13, 2019, Petitioner Anthony D. Davis filed his federal habeas petition, pursuant to 28 U.S.C. § 2254, challenging his 1986 Pierce County convictions. Dkt. 17. After a review of the Court's records, the Court concludes that this petition is second or successive and recommends that the petition be dismissed without prejudice. The Court also recommends that all pending motions (Dkts. 4, 7, 9, 11, 12, 13, 14, 18) be denied without prejudice.

|   |   |
|---|---|
| 1 | BACKGROUND |
| 2 | In 1986, petitioner was convicted in Pierce County of first-degree burglary, second- |
| 3 | degree attempted robbery, first-degree burglary, and second-degree theft. Dkt. 17.  In 2015, |
| 4 | petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 1986 state |
| 5 | convictions. *See Davis v. Glebe*, 3:15-cv-0092-BHS-KLS, Dkt. 6. In the First Petition, petitioner |
| 6 | raised grounds of an unlawful plea agreement and exceptional sentence. *Id*. The court denied the |
| 7 | First Petition, finding that petitioner's 1986 conviction was fully expired because it was used to |
| 8 | enhance his 1995 conviction, by plea, of first-degree rape. *Id.* at Dkt. 18. |
| 9 | Petitioner now files this Petition ("Second Petition") raising the same grounds for relief |
| 10 | as his First Petition. Dkt. 17. |
| 11 | DISCUSSION |
| 12 | The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a |
| 13 | gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one |
| 14 | of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies |
| 15 | only to petitions adjudicated and denied on the merits in the previous federal habeas corpus |
| 16 | proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.* |
| 17 | *Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district |
| 18 | court either considers and rejects the claims or determines that the underlying claim will not be |
| 19 | considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing |
| 20 | *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). "[A] denial [of the first petition] on the |
| 21 | grounds of procedural default constitutes a disposition on the merits and thus renders a |
| 22 | subsequent § 2254 petition or § 2255 motion 'second or successive'[.]"*Henderson v. Lampert*, |
| 23 | 396 F.3d 1049, 1053 (9th Cir. 2005) (internal citations omitted); *McNabb*, 576 F.3d at 1029. The |
| 24 |   |

1  Ninth Circuit also states "[a] habeas petition is second or successive only if it raises claims that
2  were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

3  Petitioner filed his First Petition challenging the same 1986 Pierce County conviction
4  challenged in the Second Petition. The court denied the First Petition "on the merits," finding
5  that petitioner's 1986 convictions were fully expired, and he was no longer in custody pursuant
6  to the 1986 convictions. *See Davis v. Glebe*, 3:15-cv-05092-BHS-KLS. Further, in the Second
7  Petition, Petitioner raises the same grounds for relief as his First Petition. Dkt. 17. These claims,
8  therefore, were adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d
9  1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was
10  aware of the factual predicate of the claim and could have raised the claim in his first petition).

11  As Petitioner's First Petition was denied "on the merits" and Petitioner was aware of the
12  claims asserted in the Second Petition prior to filing the First Petition, the Second Petition is
13  "second or successive."

14  Before a petitioner is allowed to file a second or successive petition, he must obtain an
15  order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.
16  § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States
17  District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.
18  2008). A district court lacks jurisdiction to consider a second or successive petition in the
19  absence of an order from the Ninth Circuit authorizing the district court to consider the petition.
20  *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157
21  (2007). Here, there is no evidence that petitioner has received an order from the Ninth Circuit
22  authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to
23
24

consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

## OTHER PENDING MOTIONS

Petitioner has also filed a Motion for Partial Summary Judgment (Dkt. 4), Motion to Supplement the Record (Dkt. 7), Motion for Evidentiary Hearing (Dkt. 9), Motion for Counsel (Dkt 11), Second Motion for Counsel (Dkt. 12), Motion to Determine Factual and Legal Claims (Dkt. 13), Motion for Relief from Judgment (Dkt. 14), and Motion for Exhaustion of State Court Remedies (Dkt. 18). At this time, the undersigned concludes that the Court lacks jurisdiction to consider the Second Petition and recommends that this case be dismissed without prejudice as

1 successive. Accordingly, the undersigned recommends that all pending motions be denied
2 without prejudice. Dkts. 4, 7, 9, 11, 12, 13, 14, 18.

## CONCLUSION

For the above stated reasons, the Court recommends that the Second Petition (Dkt. 17) be dismissed without prejudice and the certificate of appealability be denied. The Court also recommends that all pending motions (Dkts. 4, 7, 9, 11, 12, 13, 14, 18) be denied without prejudice. If petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 24, 2019, as noted in the caption.

Dated this 2nd day of May, 2019.

J. Richard Creatura
United States Magistrate Judge